## UNION LIFE INSURANCE COMPANY
### *v.* Ernest Leroy WASSON et ux

77-231                                                    562 S.W. 2d 70

Opinion delivered February 27, 1978
(Division II)

*Moses, McClellan, Owen & McDermott,* by: *William L. Owen,* for appellant.

*Bradley & Coleman,* by: *Douglas Bradley,* for appellees.

FRANK HOLT, Justice. Appellees initiated this action to recover medical and hospitalization expenses as provided in a group insurance policy issued by appellant. Appellant had denied coverage on the basis that on December 15, 1974, the effective date of the policy, appellee Mrs. Wasson was disabled and had never completely recovered from these disabilities. The jury specifically found that Mrs. Wasson was not disabled on December 15, 1974, and awarded her the claimed benefits of $6,098.71. Appellant asserts that the trial court erred in overruling its motion for a directed verdict and also there was no substantial evidence to support the jury's finding.

"A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff." *Ark. Kraft Corp.* v. *Johnson, Adm'r.,* 257 Ark. 629, 519 S.W. 2d 74 (1975). Further, in determining if substantial evidence exists, "it is well established that upon appeal we

880

consider only the evidence of the appellee or that portion of all the evidence which is most favorable to him.''

Here the insurance certificate reads: "The coverage of any dependent who is disabled by injury or disease . . . . will not be made effective until the dependent completely recovers from such disability." The policy defines "disability" or "disabled" thusly:

(b) in the case of a dependent, that he is prevented from engaging in all the normal activities of a person of like age and sex and in good health solely as a result of injury or sickness.

Appellant argues that, on the effective date of the policy, December 15, 1974, Mrs. Wasson was disabled from a broken leg and hysterectomy and had not completely recovered as of January 1, 1975, the beginning date of Mrs. Wasson's claims. Mrs. Wasson produced evidence to the contrary. Also, her claimed disabilities, from and after January 1, 1975, were unrelated to her previous disabilities.

Mr. Wasson testified that his wife worked in his place of business until she broke her leg about October 5, 1974. After that "she worked some with the cast on" and finally quit when she had a hysterectomy about November 6, 1974, with a recovery period of six weeks. During this recovery period, however, she did some work such as "taking orders or taking cash." No claim for any medical or hospital expense is being made relating to the hysterectomy or broken leg. According to him, his wife had fully recovered from her broken leg and hysterectomy on the effective date of the policy, December 15, 1974. Mrs. Wasson's testimony corroborated that of her husband; namely, she had fully recovered from both the broken leg and hysterectomy and suffered no residual effects as of January 1, 1975. Her present claims began when she visited her doctor "[a]bout the middle . . . . the last part of December" for bronchitis and was admitted to the hospital January 1, 1975, for bronchitis secondary to influenza. She was hospitalized twice for other ailments after the January 1, 1975, hospitalization. Neither of her three hospitalization records, which were in evidence, indicated her sickness was related to her previous leg injury or hysterectomy. The

evidence was amply substantial to support the jury's finding of coverage under the policy.

Appellant next contends the court erred in refusing to admit into evidence a copy of a decision on appellee's application for Social Security benefits. The Social Security Administration, after a hearing on appellee's March 18, 1975 claim for disability benefits, held appellee was entitled to benefits for a period of disability commencing October 3, 1974. Appellant argues that this decision, although not con- clusive, is persuasive evidence that Mrs. Wasson had not recovered from her leg injury and hysterectomy. The court held that Mrs. Wasson's application for Social Security was admissible for the jury to consider with respect to any statements therein against her interests. However, the court ruled that the decision, proffered in evidence, was inadmissi- ble. The court was correct. Suffice it to say that the re- quirements as to disability under the Social Security Act and those under the terms of the contract of insurance here are dissimilar.

Appellees' attorney is awarded $1,500 for his services in this appeal.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.